# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**JOHN DURKHEIMER and KAREN DURKHEIMER**,

               Plaintiffs,

    v.

**SAFECO INSURANCE COMPANY OF ILLINOIS**,

               Defendant.

Case No. 3:24-cv-1333-SB

**ORDER**

**Michael H. Simon, District Judge.**

       John and Karen Durkheimer ("Durkheimers") filed this action against Safeco Insurance Company of Illinois ("Safeco"), alleging claims for breach of insurance contract, breach of the implied covenant of good faith and fair dealing, and negligence per se. The Durkheimers' residence in southwest Portland suffered significant water damage due to burst water pipes. The Durkheimers submitted an insurance claim to Safeco, the issuer of their homeowner's insurance policy ("the Policy"). Although Safeco provided partial payment, the Durkheimers claimed additional outstanding damages. Safeco asserts, as its sixth affirmative defense, that "[t]he Policy limits dwelling coverage to the 'Residence Premises' . . . [and t]o the extent that [the Durkheimers] did not reside at the Premises when the Loss occurred, the Policy does not cover

damage sustained to the Property." *See* Answer (ECF 4) ¶¶ 35-37. The Durkheimers move under Rule 12(f) of the Federal Rules of Civil Procedure to strike this affirmative defense on the ground that it is insufficient as a matter of law. United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation in this case on February 14, 2025. Judge Beckerman recommended that this Court grant the Durkheimers' motion and strike Safeco's sixth affirmative defense.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Safeco timely filed an objection, to which the Durkheimers responded. As permitted by the Court's Order, ECF 27, Safeco and the Durkheimers filed a reply and surresponse, respectively.

Safeco's first objection to Judge Beckerman's Findings and Recommendation concerns the interplay between *Insurance Company of North America v. Howard*, 679 F.2d 147 (9th Cir. 1982); *Hoffman Construction Co. of Alaska v. Fred S. James Co.*, 313 Or. 464 (1992); and *Farmers Insurance Co. v. Trutanich*, 123 Or. App. 6 (1993). Safeco argues that *Howard* and *Trutanich* contravene the Oregon Supreme Court's decision in *Hoffman*, which held that courts should construe phrases in an insurance policy so as to not render that policy meaningless. The Durkheimers reiterate Judge Beckerman's conclusion that the holdings of *Howard* and *Trutanich* are not mutually exclusive or contradictory to the holding in *Hoffman*.

The Court agrees with the Durkheimers. As Judge Beckerman observed, *Howard*—a Ninth Circuit decision applying Oregon law—held that "if an insurance company wishes to have a homeowner's policy terminate upon rental of his home, it must so provide explicitly and unambiguously in the policy of insurance . . ." ECF 19 at 7 (quoting *Howard*, 679 F.2d at 149. The insurance policy in *Howard* required that the "described residence" be "owned and occupied by the insured exclusively for residential purposes." *Howard*, 679 F.2d at 148. The Ninth Circuit held that the phrase "owned and occupied" unambiguously described the residence *at the time of the issuance of the policy*. *Id.* It did not, by contrast, impose a condition requiring the policyholder to continue to live in the residence until the point of filing the claim. *Id.* Thus, the phrase "owned and occupied" is merely a "description" of the property at the time the policyholder obtained insurance. *Id.* at 148-49 (quoting *Reid v. Hardware Mut. Ins. Co. of Carolinas*, 252 S.C. 339, 346 (1969)).

*Trutanich* applied these principles in the context of an insurance policy provision that resembles the Durkheimers' policy.[1] The Oregon Court of Appeals held that the insured's lease of their residence to a third party did not forfeit coverage under a homeowner's policy for "residence premises" where the policy defined that term as "where you reside." The court explained that the phrase "where you reside" "could be grammatically interpreted to modify only 'part of any other building,' not 'family dwelling.'" 123 Or. App. at 13. Citing *Howard*, the court further held that even if "where you reside" was meant to modify "family dwelling," the "'you reside' language alone is insufficient to take the house out of coverage." *Id.* (following a discussion of *Howard*'s analysis of "owned and occupied" being merely a descriptor and not a condition).

Taken together, these cases stand for the following conclusions. When a policy leads to multiple reasonable interpretations, that policy does not "explicitly and unambiguously" terminate a homeowner's policy. "[U]nder Oregon law . . . a homeowner is entitled to be given specific and unequivocal notice in the insurance policy that his coverage will be forfeited" if he does not reside at the home. *Trutanich*, 123 Or. App. at 13 (citing *Howard*, 679 F.2d at 149). Moreover, even if a policy is phrased in a way that covers only family dwellings *where a policyholder resides*, that residence requirement applies to when the policy was first purchased, and not when a claim was filed. Applying these conclusions to this case, Judge Beckerman concluded that the Durkheimers' insurance policy did not *specifically and unequivocally* put

---

[1] The policy in *Trutanich* stated that it covered "[t]he dwelling, including attached structures, on the *residence premises* and used principally as a private residence." 123 Or. App. at 13 (emphasis in policy). The policy defined "residence premises" as "the one or two family dwelling and separate structures or that part of any other building *where you reside*, and shown in the Declarations." *Id.* (emphasis in *Trutanich*).

them on notice that their coverage would end if they did not reside in the house in question and granted the Durkheimers' motion to strike.

In *Hoffman*, the Oregon Supreme Court held that judges must reasonably interpret insurance contracts so that no provision is meaningless. *See Hoffman*, 313 Or. at 472 (citing *New Zealand Ins. v. Griffith Rubber*, 270 Or. 71, 75 (1974)). But as Judge Beckerman explains, the Oregon Court of Appeals did not render the phrase "where you reside" meaningless in *Trutanich*. Instead, the *Trutanich* court found two grammatically sound interpretations of the policy and relied on *Howard* to hold that the phrase "where you reside" may be a phrase of "description" only, and not a coverage exclusion. *See Trutanich*, 123 Or. App. at 13-14. Thus, *Trutanich* and *Howard* do not contravene *Hoffman*'s rule against reading a policy into nullity.

Safeco also objects to the Court relying upon *Howard* in the first place. *See* ECF 21 at 11 ("*Howard* is an extraordinary case to rely upon."). Safeco cites a District of Minnesota case, *Pour v. Liberty Mutual Insurance Co.*, 2024 WL 1242283 (D. Minn. Mar. 22, 2024), which identifies three concerns that the District Court of Minnesota raised with respect to the reasoning in *Howard*. Chief among these concerns is that *Howard* borrowed principles of interpretation from the South Carolina Supreme Court to interpret Oregon law. *See Pour*, 2024 WL 1242283, at *3; ECF 21 at 12. The Court acknowledges these concerns but notes that *Howard*—a published Ninth Circuit opinion that has not been overruled—is binding precedent. Moreover, the Oregon Court of Appeals adopted *Howard*'s reasoning in *Trutanich*. Therefore, the Court is not persuaded by Safeco's objection to relying on *Howard*.

The Court agrees with Judge Beckerman's conclusion[2] that the policy is ambiguous, and that therefore, the Durkheimers' policy did not explicitly put them on notice that they needed to reside at the property to maintain coverage. The Court ADOPTS her Findings and Recommendation, ECF 19. The Court GRANTS the Durkheimers' motion to strike, ECF 9.

**IT IS SO ORDERED**.

DATED this 1st day of April, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[2] The Court notes that Judge Beckerman relies on *Trutanich* to provide two alternative reasons for why the contract is ambiguous. *Trutanich* held that the insurance policy contained grammatical ambiguity. The policy in *Trutanich* stated that it covered "[t]he dwelling, including attached structures, on the *residence premises* and used principally as a private residence." 123 Or. App. at 13 (emphasis in policy). The policy defined "residence premises" as "the one or two family dwelling and separate structures or that part of any other building *where you reside*, and shown in the Declarations." *Id.* (emphasis in *Trutanich*). *Trutanich* also stated, however, that "[e]ven if ['where you reside'] was meant to modify 'family dwelling,' we agree with the court in *Howard* that the 'you reside' language alone is insufficient to take the house out of coverage." *Id.* The Court does not comment on whether the phrase "where you reside" in the Durkheimers' policy creates the same grammatical ambiguity found in *Trutanich*. Instead, the Court adopts the part of Judge Beckerman's analysis wherein she explains that *even if* the grammatical structure of the Durkheimers' policy does not create the same ambiguity as in *Trutanich*, Defendant's argument fails because of *Howard*.

PAGE 6 – ORDER